IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT BROOKS,** : | CIVIL ACTION NO. 1:20-CV-2224 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **CHAMBERSBURG BARRACKS** : | |
| **PENNSYLVANIA STATE POLICE,** : | |
| : | |
| Defendant : | |

# ORDER

AND NOW, this 27th day of January, 2021, upon consideration of the report (Doc. 4) of Magistrate Judge Martin C. Carlson, issued following screening review of *pro se* plaintiff Robert Brooks' complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), wherein Judge Carlson concludes that plaintiff's complaint fails to state a claim to the extent it seeks $1,000,000 in damages against a state agency (which request is barred by sovereign immunity) and further to the extent it seeks an order directing the Pennsylvania States Police to press criminal charges on Brooks' behalf (which request fails to state a claim for which relief may be granted), (see Doc. 4 at 8-11), and the court noting that Brooks has objected to the report, (see Doc. 5); see also FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding that the conclusions reached in the report are well reasoned and fully

supported by the record and the applicable law, and finding Brooks' objection to be without merit and squarely addressed by the report,[1] it is hereby ORDERED that:

1. Judge Carlson's report (Doc. 4) is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice.

3. Plaintiff is granted leave to amend his complaint in accordance with Judge Carlson's report and footnote 1 within 20 days of the date of this order.  Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 1) hereinabove dismissed.

4. In the absence of a timely filed amended complaint, the Clerk of Court shall close the above-captioned action.  In the event a timely amended complaint is filed, this matter shall be remanded to Judge Carlson for further proceedings.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

---

[1] In addition to the excessive-force theory contemplated in Judge Carlson's report, Brooks' complaint states an additional request for relief that might be viable if lodged against a proper defendant.  Specifically, Brooks seeks a "policy change in the way the PSP responds to complaints from Inma[te]s at the [Franklin County Jail]."  (See Doc. 1 at 5).  Under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may sue a state official in their official capacity for prospective injunctive relief of this nature.  See Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002).  We express no opinion on the merit of this potential claim; we note only that this provides further justification for granting leave to amend.

6. Plaintiff's request (Doc. 5 at 4) for a courtesy copy of his complaint is GRANTED. The Clerk of Court shall mail a courtesy copy of plaintiff's complaint together with this order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania