**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT BROOKS,** | : | **Civil No. 1:20-CV-2224** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHAMBERSBURG BARRACKS** | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA STATE POLICE** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

It is said that doing the same thing over and over again but expecting different results is the highest form of human folly. We are reminded of this expression as we conduct a second legally mandated screening review of the plaintiff's amended complaint. (Doc. 9).

The plaintiff, Robert Brooks, is an inmate in the Franklin County Jail. Brooks alleges that he was assaulted by a correctional officer while in custody. While this allegation would arguably support a legal claim against the assaulting officer for use of excessive force, Brooks' initial complaint, and his amended complaint, did not sue the correctional officer or advance any such claim. Instead, Brooks sued an agency of state government, the Pennsylvania State Police, alleging that this state

1

agency has failed to investigate his assault claim. On the basis of this averment, in his initial complaint Brooks sought $1,000,000 in damages from this state agency, along with an order directing them to investigate and press criminal charges on his behalf. (Doc. 1).

We conditionally granted plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) but recommended that this complaint be dismissed with respect to institutional defendant named in this pleading, the Pennsylvania State Police. (Doc. 4). In reaching this result we noted that Brooks' damages claims were barred by the Eleventh Amendment to the United States Constitution, which forbids litigation of damages claims against the states in federal court. The district court adopted this Report and Recommendation (Doc. 6), but allowed Brooks leave to amend his complaint.

Brooks has now filed an amended complaint, which once again names the state police, an agency of state government, as the sole defendant and seeks damages. Specifically, Brooks names the state police as the sole defendant in this lawsuit but asserts that he seeks damages against unspecified individuals in this amended complaint as a result of the alleged failure to investigate his prior complaints. Because these allegations continue to run afoul of the Eleventh Amendment's prohibition on damages lawsuits against a state agency, and because "an allegation

of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim," Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003), we recommend that this amended complaint now be dismissed with prejudice.

## II.    Discussion

### A.    Screening Review of Pro Se Petitions – Standard of Review

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in

<u>Ashcroft v. Iqbal</u>, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u>, at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>, at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>, at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u>, at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u>, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should

6

identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting

Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in

determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, for the reasons set forth below it is recommended that this amended complaint be dismissed complaint with respect to institutional defendant named in this pleading, the Pennsylvania State Police.

A.   **Brooks' Claims Against the Pennsylvania State Police
Continue to Fail as a Matter of Law.**

In this case, dismissal of Brooks' claims for damages from the Pennsylvania
State Police as an institutional defendant is still warranted because the complaint
fails to meet the substantive standards required by law, in that it does not set forth a
"short and plain" statement of a cognizable violation of some right guaranteed by
the Constitution or laws of the United States. At the outset, we note that this *pro se*
complaint runs afoul of basic constitutional and statutory rules limiting lawsuits
against state agencies and officials.

First, as a matter of constitutional law, the Eleventh Amendment to the
Constitution provides that "[t]he Judicial power of the United States shall not be
construed to extend to any suit in law or equity, commenced or prosecuted against
one of the ... States....", U.S. Const. amend XI. By its terms, the Eleventh
Amendment strictly limits the power of federal courts to entertain cases brought by
citizens against the state and state agencies. Moreover, a suit brought against an
individual acting in his or her official capacity constitutes a suit against the state and
therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State
Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials
who are sued in their official capacity are generally immune from lawsuits in federal

courts brought against them by citizens. <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Pennsylvania State Police, and the Commonwealth clearly has not waived its immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa. Cons. Stat. § 8521(b). This, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, <u>See</u> 42 Pa. Cons. Stat. § 8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa. Cons. Stat. § 8521(b).

The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's criminal justice system like the Pennsylvania State Police. Therefore, the "Eleventh Amendment bars claims for damages against the P[ennsylvania] S[tate] P[olice], a state agency that did not waive its sovereign immunity." <u>Atkin v.</u>

Johnson, 432 F. App'x 47, 48 (3d Cir. 2011) (citing 71 P.S. §§ 61, 732–102; Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009)). Moreover, as a matter of statutory interpretation, the plaintiff cannot bring a damages action against this state agency or state officials in their official capacity since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. § 1983, the principal federal civil rights statute. Will, 491 U.S. at 71.

In sum, notwithstanding Brook's enigmatic allegation that he will sue someone in the future for damages, his amended complaint still brings a damages claim and the sole defendant named in that amended complaint, the Pennsylvania State Police, is not subject to federal civil rights claims for damages under the Eleventh Amendment to the United States Constitution and cases construing the federal civil rights statute, 42 U.S.C. § 1983. Therefore, since the state police as an agency of state government cannot be sued for damages in this fashion in federal court, the State Police should be dismissed as a Defendant from this action.

Likewise, to the extent that Brooks attempts in this lawsuit to bring a §1983 federal civil rights claim against the state police premised upon that agency's alleged failure to investigate his prior complaints against others, this claim fails as a matter of law for one simple reason. It is well settled that "an allegation of

a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." <u>Graw</u>, 68 F. App'x at 383. Thus, Brooks "has no freestanding constitutional right to such an investigation." <u>Williams v. Wetzel</u>, No. 1:17-CV-79, 2020 WL 583983, at *17 (M.D. Pa. Feb. 6, 2020), <u>aff'd</u>, 827 F. App'x 158 (3d Cir. 2020). Accordingly, the state police's alleged failure to investigate his prior claims more fully does not give rise to a cognizable federal civil rights lawsuit against this defendant. <u>See e.g.</u>, <u>Allah v. Beasely</u>, No. 3:18-CV-2047, 2019 WL 4511693, at *3 (M.D. Pa. Sept. 19, 2019); <u>Perez v. Larson</u>, No. 3:17-CV-2341, 2019 WL 896287, at *3 (M.D. Pa. Feb. 22, 2019), <u>appeal dismissed</u>, No. 19-1566, 2019 WL 4316873 (3d Cir. May 2, 2019); <u>Hill v. Derrick</u>, No. 4:05-CV-1229, 2005 WL 8167912, at *3 (M.D. Pa. Nov. 3, 2005).

Nor can Brooks use this civil lawsuit as a vehicle for directing the state police to press criminal charges against his alleged assailant. To the contrary,

> [C]ourts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit. <u>See, e.g.</u>, <u>Ostrowski v. Mehltretter</u>, 20 F. App'x 87, 90 (2d Cir. 2001) (stating that "Ostrowski has no standing to sue for any of Mehltretter's actions. First of all, he has not shown, injury-in-fact. The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner-he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person"); <u>see also</u> <u>Kim v. Romero</u>, 877 F.2d 64, 1989 WL 67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a

suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); <u>McMinn v. Damiani, 765 F.2d 145</u>, 1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing a *pro se* civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers); <u>Gessner v. Dep't of Corr.</u>, 3:14-CV-111, 2014 WL 972290 (M.D. Pa. Mar. 12, 2014); <u>Snyder v. Aaron</u>, CIV.A. 05B1602, 2006 WL 544466 (W.D. Pa. Mar. 6, 2006); <u>Moyer v. Borough of North Wales</u>, Civ. No. 00B1092, 2000 WL 1665132 at *2 (E.D. Pa. Nov. 7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution. Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert"); <u>Wise v. Augustine</u>, Civ. No. 97-2651, 1997 WL 534695 at *2 (E.D. Pa. Aug. 8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime"); <u>Dundore v. O'Donnell</u>, Civ. No. 85-2907, 1985 WL 2681 at *2 (E.D. Pa. Sept. 17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs. Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed"); <u>Corbin v. Stevens</u>, Civ. No. 91-1054, 1992 WL 96684 at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested...."). Therefore, this claim also fails as a matter of law and should be dismissed.

<u>Smith v. Friel</u>, No. 1:19-CV-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), <u>report and recommendation adopted,</u> No. CV 1:19-0943, 2019 WL 3003380 (M.D. Pa. July 10, 2019), <u>appeal dismissed,</u> No. 19-2721, 2019 WL 7630987 (3d Cir. Sept. 18, 2019).

Thus, Brooks' amended complaint continues to fail to state a claim upon which relief may be granted. We recognize that in civil rights cases, *pro se* plaintiffs

often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), In this case, we have granted Brooks leave to amend his complaint but to no avail. Brooks' amended complaint still fails to state a claim upon which relief may be granted.  Accordingly, it is recommended that this amended complaint now be dismissed with prejudice.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint (Doc. 9) be dismissed with prejudice.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge,

however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of May 2021.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge